*Orleaxs, March, 1833.*

*Gifford vs. Ford.*

---

SKINNER & HURD *vs.* McDANIEL & GARVIN,

*Orleans, March, 1833.*

If, in the return of the levy of an execution on real estate, as recorded in the Town Clerk's office, it appears that the levy was for a larger amount than the execution, no title passes by such levy, notwithstanding the return appears to be correct on the original execution.

Such record, would be notice only of a void levy; and purchasers and attaching creditors might consider it as void.

The execution and return in such a case are not recorded in the Town Clerk's office as directed by statute.

This cause came up from the County Court upon the following bill of exceptions: Ejectment for 77 acres and 52 rods of land, taken from the east side of Lot

ORLEANS,
March,
1833.

Skinner & al.
vs.
McDaniel &al.

No. 13, in the township of Hydepark, drawn to the original right of Roger Enos, Jr., being in the first division of said town. Plea, *not guilty.*—Issue thereon.—Possession of defendants admitted.

On trial of the issue aforesaid, the plaintiffs gave in evidence the copies of a judgement rendered in Orleans County Court, on the fourth Monday of June, 1820, by which it appeared, that the lands in question, were by the said Skinner and Hurd attached on *mesne process* as the property of Jacob P. Hadley, upon which process, the judgement aforesaid was rendered in their favor against said Hadley, for the sm of $1001,76 damage, and $19,15 costs of suit.— That execution afterwards regularly issued thereon, dated 3d July, 1820, for the damages and costs aforesaid ; and that on the 2d of August, 1820, the Sheriff of said County levied said execution by extending the same on said lands.

The plaintiff also produced a copy from the records of the County Clerk, which shewed the return and recording of said execution in his office, on the 3d September, 1820. Also a copy from the Town Clerk's office, in Hydepark, shewing that said Sheriff left a true and attested copy of said execution, levy and return in said Town Clerk's office for record, on the 3d August, 1820, which was then recorded, but differing from the return on the execution in this, that the execution showed the amount of land appraised to satisfy it, to be $1044,34, whilst the copy from the Town Clerk's office shews the amount to be $1275,52— the lands being the same described in the return on the execution, and the copy left with, and recorded by the Town Clerk. Also another set of copies of said execution and officer's return thereon certified—the one by the County Clerk—the other by the Town Clerk of Hydepark, by which it appeared, that said execution and Sheriff's return were recorded in the Town Clerk's office on the 27th day of September, 1824, and in the County Clerk's office on the 21st December following. All of which copies of records were objected to by the defendants, and excluded by the Court, and are now made part of this case.

It was admitted by the defendants, that McDaniel went with the Sheriff and appraiser, and helped survey said lands, when the same was set off, and appraised as aforesaid.

Defendants then offered in evidence a deed of mortgage from Jacob P. Hadley to John McDaniel, dated the 10th day of January, 1821, of the lands in question, and a decree of foreclosure of the equity of redemption against the said J. P. Hadley and these plaintiffs, in 1827. Also an assignment of a vendue title obtained upon a tax granted by the Legislature, A. D. 1822, for making roads, both of which were objected to and admitted by the Court, and now copies of which are made a part of this case.

<div style="float:right;text-align:center;">ORLEANS,<br>March,<br>1833.<br>———<br>Skinner & al<br>vs.<br>McDaniel &al.</div>

The plaintiffs offered to show, that at the time of the sale of the lands to N. P. Sawyer, Esq., to satisfy the tax aforesaid, he acted as agent to said McDaniel, and after the forfeiture, deeded them to McDaniel, for whom he acted ; but the Court were of opinion such evidence was inadmissible, and rejected it.

To which decisions of the Court, the plaintiffs except. The exceptions are allowed, and the cause ordered to the Supreme Court for revision.

*After argument*, the opinion of the Court was delivered by

WILLIAMS, J.—The plaintiffs make title to the land in question by the levy of an execution in their favor against one Hadley; the defendants claim by a deed from Hadley. The levy of the execution is objected to, as not being in conformity to the statute. It appears that an execution in favor of the plaintiffs, amounting in the whole, with the expense of the levy, to the sum of one thousand forty-four dollars and thirty-four cents, was levied on the land in question. The Sheriff who levied the execution, left with the Town Clerk of the town where the land was situate, a copy of the execution for record. The copy of the execution was like the original, except, that in stating the levy and appraisal in the copy, after giving the names of the appraisers, it was recited as follows, " who on their oaths have appraised the same at the sum of twelve hundred seventy-five dollars fifty-two cents, to the full satisfaction &c." ·Thus apparently levying upon land, to to the value of two hundred thirty-one dollars eighteen cents, more then the amount of the execution, and the officer's fees thereon. This was so recorded in the the Town Clerk's office. On the original execution, the of-

ORLEANS,
March,
1833.

Skinner & al.
vs.
McDaniel & al

ficer returned the appraisal to be $1044,34, the true a-
mount of the execution and fees. The question is, wheth-
er this execution has been recorded in the Town Clerk's
office according to the requirement of the statute.

As a majority of the Court, at the last term, were of opin-
ion, that a record made from a copy of an execution was
valid, that question has not been argued at this time.

In the conflicting opinions which were entertained by
the members of the Court at the last term, when the sub-
ject of these levies were before us, I believe there was no
doubt entertained by any, but that the execution must be
recorded in the Town Clerk's office, either from the ori-
ginal or a copy. There was a difference of opinion as to
what should constitute a recording, as well as the object
of it ; the Chief Justice considered that it was for the pur-
pose of notice only. From the report of the case and from
the opinions then expressed, I think I may say without
contradiction, that all the other members of the Court,
who were present, thought the recording was essential to
pass the title. In the view which we take of the case be-
fore us, I do not know that it would make any difference,
whether the record in the Town Clerk's office should be
considered as solely for the purpose of giving notice, or as
necessary to pass the title.

If the levy, as it appeared on record, was apparently a
void levy, the record, was notice only of a defective and
void levy. If recording was necessary to pass the ti-
tle, then no title passes if there has been no true record.
We apprehend, that can never be considered as a true re-
cord which varies in any material part from the original.
A mere clerical error or a difference unessential, between
the record and the original, would not, and ought not to
invalidate the record. A trifling variance in the descrip-
tion of the land or in any other part, would usually carry
with it evidence of being a mere clerical error, and would
be undeserving of consideration. Rut if the error was
in a material part, and there was no means, by the record,
to ascertain that it was an error, it would require more
consideration.

Now, I apprehend, if in recording a deed, one of the
witnesses, the name of the grantee or the acknowledge-

ORLEANS,
March,
1833.

Skinner & al.
vs.
McDaniel & al

ment should be omitted, that it would not be considered as a good record, and that it would only be notice of a defective conveyance. If in the record of a vendue, some fatal defect should appear in the proceedings; in the record of an attachment, it should appear that the writ was not signed, or not returnable to any Court; in the record of an exection, that the land was not appraised by three freeholders, one omitted by mistake, or that no officer signed the return, or any other omission in a material part, that in neither of these cases would the law, which requires such record to be made, be considered as complied with—that we should not say to one who had acquired a title having no other notice of these proceeding than what appeared from the record, that he should have applied to the grantor to inspect the original deed—that he should have gone to the collector of the land taxes to examine his proceedings, or to the office of the Clerk or Justice to examine the original attachment or execution—and if all these were found to be correct, the apparent deficiency in record of the deed, collectors proceedings in the sale of land for taxes, record of attachment, or execution were immaterial and of no consequence. In my opinion, this would destroy every beneficial purpose arising from records of title to real estate. It may, then, be enquired where shall we draw the line, what error shall destroy a record, and what shall not? I can lay down no better rule, than the one which the Court has laid down in other cases. That when a record is required to be made, or a copy to be delivered, and the record or copy is made operative either to pass or create a title, or for the purpose of notice to effect another and lay upon him duties to be performed, or as a notice on which after proceeding are to be had, or as a notice of title, if the record or copy contains such defects, as would render the original, from which the record or copy was taken, void if it contains the same defects, then it may be considered, that no record has been made, or copy delivered. Purchasers, or those who are to be affected by the notice to be derived from a record or copy, may consider the original as similar to the record or copy, and therefore treat it as void. This was the view of the Court, expressed in the case of overseers of poor, of *Barnet* vs. *Overseers* of poor of Concord, Caledonia County, March

ORLENNS,
March,
1833.

Skinner & al.
vs.
McDaniel & al

1832; *Herring* vs. *Harmon*, Orleans County 1832; and *Huntington* vs. *Cobleigh*, Caledonia County 1833.

If we test this case by that rule, we must then enquire whether, if the return on the original execution had been similar to the one as appeared on the record of the Town Clerk in Hydepark, it would be such a levy and return as would divest Hadley of his property and vest it in the plaintiff; and we think it would not in any view which can be taken.

From such a return, it would appear certain that land of the value of $1275,52 had been taken and levied on, to satisfy an execution, amounting with the cost of levy, to only $1044,36. There would be nothing in the execution or return to show that this had not been done; but the conclusion would be certain that a levy and appraisal to this amount had been made. It would be apparent that an error had intervened either by accident or design; but whether the error was in stating the amount of the execution or the amount of the levy, could not be ascertained. The addition of the bill of fees to the amount of the execution, at the bottom of the execution, *making* the sum for which the levy ought to be made, does not in any manner shew that there was a mistake in *describing* the same in the return, or that the levy was for a less amount than what it appeared to be. From the execution and return, together with the bill of fees annexed as recorded, no other conclusion could be drawn, except, that the officer had, by mistake or design, set off to the creditors lands of the value of between two and three hundred dollars more than he was authorized to do. There could be no question but that such a levy must be void.

It was said by brother Baylies at the last term, 4 Vt. Reports p. 428, that if the record does not agree with the execution and return, it is erroneous; and whether the record be void or not will depend on the error it contains.— If the error lead not to the injury of any person, and the record is sufficient to answer all the purposes for which it is made, then it is not void." It has been urged here in argument, that the mistake in this record cannot possibly injure the debtor or his assigns; and it is admitted in the argument that if it would have this effect, there might be a

propriety in setting it aside. This, as far as it respects the debtor in the execution may be true, that it does not injure him; but to say that the mistake cannot injure his assigns, is begging the question altogether. As far as it respects the debtor, it may not be of any consequence whether any mistakes have been made in the record in the Town Clerk's office, or whether any record is made there at all. He is a party to the judgement. If he wishes to redeem, he resorts to the office of the County Clerk, and not to the Town Clerk. I fully concur in the opinion which has been expressed, that it is of no possible use to the debtor to require any record in the Town Clerk's office for his benefit. That, as to purchasers, the Town Clerk's office where deeds are recorded, is the office to which they are to resort to ascertain the situation of a title. 4 Vt. Rep. 436.

If the office of the Town Clerk, is the office to which a purchaser is to resort, and if a purchaser, on resorting there to ascertain the situation of a title, finds a levy of an execution, apparently illegal and void, and should purchase or take a mortgage of the owner, whose land would not be divested by a void levy, or should attach the same; he would be injured, if it should afterwards appear that the levy was recorded erroneously, that the original was correct, and the original levy should prevail, notwithstanding the mistake. Such a mistake would lead to the injury of the purchaser or attaching creditor, the assignee of the judgement debtor, and therefore void upon this principle. If any mistake in the record of the levy of an execution in the Town Clerk's office will avoid the levy so as to prevent any title passing to the creditor, if the the record then is for any valuable purpose, we think the mistake in the record of the levy of this execution is one which will avoid it, and that no title passed to the plaintiffs.

The result of the whole is, that this execution was not truly recorded in the Town Clerk's office in Hydepark; the record being so essentially defective and variant from the original, that it would be considered as notice only of a defective levy; and the requirement of the law not being complied with in the levy of the execution, the plaintiffs' acquired no title thereby.

ORLEANS,
March,
1833.

Skinner & al.
vs.
McDaniel & al.

ORLEANS,
March,
1833.            The judgement of the County Court is therefore affirm-
ed.—BAYLIES, J. dissenting.

Skinner & al.      *Young & Paddock*, for plaintiffs.
vs.
McDaniel & al      *Sawyer*, for defendants.